**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Mona Amini, Esq. (296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Danny Allen

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DANNY ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> MONTEREY FINANCIAL SERVICES, LLC, D/B/A MONTEREY COLLECTIONS, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> **1) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.;** <br> **2) THE ROSENTHAL ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND** <br> **3) CALIFORNIA PENAL CODE § 632.7** <br><br> **JURY TRIAL DEMANDED** |

///

**COMPLAINT**   PAGE 1 OF 11

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation.  In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Unlike California Penal Code § 632, there is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

5. Plaintiff DANNY ALLEN ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant MONTEREY FINANCIAL SERVICES, LLC d/b/a MONTEREY COLLECTIONS, and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code § 632.7 thereby invading Plaintiff's privacy. Defendant also brings this action to challenge the actions of Defendant with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff.

6. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by Plaintiff's attorneys.

7. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

9. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

11. Jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) and 28 U.S.C. 1367 for supplemental state law claims.

12. This action arises out of Defendant's violations of (1) The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (2) The Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and (3) California Penal Code § 632.7.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Bernardino, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

15. Plaintiff is a natural person who resides in the County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant is, and at all times mentioned herein was, a limit liability corporation incorporated in the State of California, with a principal place of business in the State of California. Defendant is a "person: as defined by 47 U.S.C. § 153 (39). Plaintiff further alleges, at all times relevant herein, Defendant conducted business in the State of California and in the County of San Bernardino, and within this judicial district.

17. Defendant is a California corporation whose primary corporate address is 4095 Avenida De La Plata, Oceanside, California 92056. Defendant is in the business of debt collection and regularly collects debts. Defendant has a policy and practice of recording telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record cellular telephone conversations with the public, including California residents.

18. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California.

21. At all times relevant, Defendant conducted business in the State of California.

22. Sometime before November 2016, Plaintiff allegedly incurred financial obligations to the original creditor, Universal Vacation Club, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

23. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

24. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about November 18, 2016 at approximately 2:22 p.m. PST, Plaintiff received a call on Plaintiff's cellular telephone from Defendant using the telephone number (877) 775-3091.

26. The abovementioned telephone call from Defendant was an initial "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

27. During this telephone call, Defendant failed to advise Plaintiff that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose to Plaintiff that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendant also violated 15 U.S.C. § 1692e(10) by using deceptive means to attempt to collect a debt or obtain information concerning Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant also violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

31. On or about November 28. 2016 at approximately 1:30 p.m. PST Plaintiff received a call on Plaintiff's cellular telephone from Defendant using the telephone number (877) 775-3091.

32. During this telephone call, after speaking with Defendant's representative for a period of time, Plaintiff inquired as to whether the telephone call was being recorded.

33. Defendant's representative informed Plaintiff that the entire conversation had been recorded. As a result, Plaintiff asked Defendant to cease telephone calls to Plaintiff and requested that all subsequent communications with Plaintiff be in writing only because Plaintiff was angered that Defendant had recorded Plaintiff without Plaintiff's knowledge and/or consent.

34. Plaintiff had no reasonable expectation that any of Plaintiff's cellular telephone conversations with Defendant would be recorded due to the private subject matter being discussed. Had Plaintiff known that said conversation/s were being recorded, Plaintiff would have conducted and spoken differently to the representative/s of Defendant.

35. Plaintiff was shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiff's knowledge or consent.

36. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

37. Had Plaintiff received a recording disclosure at the outset of the call, as Plaintiff is accustomed to hearing, Plaintiff would have not discussed such private information with Defendant.

38. The conversations with Plaintiff, were without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff.

39. Prior to Plaintiff's inquiry on the matter, Plaintiff was never informed that Plaintiff's cellular telephone calls were being recorded. At no time during the call did Plaintiff give consent for the cellular telephone call to be monitored, recorded and/or eavesdropped upon. Defendant failed to provide an automated, pre-recorded warning to inform Plaintiff that the calls were being recorded.

40. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record cellular telephone conversations with the public, including Plaintiff and other California residents.

41. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

42. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 et seq.

## First Cause Of Action
## Violation Of The Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Cause Of Action
## Violation Of The Rosenthal Fair Debt Collection Practices Act
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

48. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//
//
//

## THIRD CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

51. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

52. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

53. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

54. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every incoming and outgoing telephone conversation over said telephone lines.

55. Said recording equipment was used to record the cellular telephone conversations of Plaintiff in violation of California Penal Code § 632.7.

56. At no time during which these cellular telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, or any other person, did Defendant inform Plaintiff that recording of their cellular telephone conversations were taking place and at no time did Plaintiff consent to this activity.

57. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's right to privacy and a violation of California Penal Code § 630, et seq., did intrude on Plaintiff's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, listening, and recording activities relative to the telephone conversations between Plaintiff, on the one hand, and Defendant on the other hand, as alleged herein above.

58. Based on the foregoing, Plaintiff is entitled to and prays for Plaintiff's statutory remedies and damages, including but not limited to those set forth in California Penal Code § 637.2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;


- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of statutory damages $5,000 per violation of California Penal Code § 632.7 against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and,
- any other relief that this Court deems necessary, just, and proper.

### TRIAL BY JURY

59. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 7, 2017                         **KAZEROUNI LAW GROUP, APC**

                                             BY:  /S/ ABBAS KAZEROUNIAN
                                                   ABBAS KAZEROUNIAN, ESQ.
                                                   MONA AMINI, ESQ.
                                                   ATTORNEYS FOR PLAINTIFF